

# Notice of Service of Process

null / ALL
Transmittal Number: 20567666
Date Processed: 10/21/2019

| | |
|---|---|
| **Primary Contact:** | Arlene Smith<br>Liberty Mutual Insurance Company<br>175 Berkeley St<br>Boston, MA 02116-5066 |
| **Entity:** | Safeco Insurance Company Of Indiana<br>Entity ID Number  2780991 |
| **Entity Served:** | Safeco Insurance Company of Indiana |
| **Title of Action:** | Brian Fennelly vs. Safeco Insurance Company of Indiana |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 2019-73207 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 10/21/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Benjamin R. Crowell III<br>512-870-7099 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT A

CAUSE NO. 201973207

RECEIPT NO.                75.00     CTM
\*\*\*\*\*\*\*\*\*\*               TR # 73684192

PLAINTIFF: FENNELLY, BRIAN                          In The    151st
      vs.                                                        Judicial District Court
DEFENDANT: SAFECO INSURANCE COMPANY OF INDIANA         of Harris County, Texas
                                                                           151ST DISTRICT COURT
                                                                           Houston, TX

CITATION (CERTIFIED)
THE STATE OF TEXAS
County of Harris

TO: SAFECO INSURANCE COMPANY OF INDIANA BY SERVING ITS REGISTERED AGENT
     CORPORATION SERVICE COMPANY
     OR WHEREVER ELSE IT MAY BE FOUND

     211   E 7TH STREET STE 620     AUSTIN    TX    78701

     Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>7th day of October, 2019</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

      This citation was issued on 11th day of October, 2019, under my hand and seal of said Court.



Issued at request of:                                MARILYN BURGESS, District Clerk
CROWELL, BENJAMIN ROBERT                        Harris County, Texas
2028   E BEN WHITE BLVD STE.240-2015          201 Caroline, Houston, Texas 77002
AUSTIN, TX   78741                                  (P.O. Box 4651, Houston, Texas 77210)
Tel: (512) 870-7099
Bar No.: 24087360                                 Generated By: WIMBLEY, TAHJ MESHAE   IS1//11349873

---

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____       _____
                                                        ADDRESS

                                                      Service was executed in accordance with Rule 106
(a)ADDRESSEE                                        (2) TRCP, upon the Defendant as evidenced by the
                                                            return receipt incorporated herein and attached
                                                            hereto at

_____       _____

                                                        on _____ day of _____, _____
                                                        by U.S. Postal delivery to _____

                                                        This citation was not executed for the following
                                                        reason: _____

                                                        MARILYN BURGESS, District Clerk
                                                        Harris County, TEXAS

                                                        By _____, Deputy

10/5/2019 12:35 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37414074
By: Patricia Jones
Filed: 10/7/2019 12:00 AM

**2019-73207 / Court: 151**

CAUSE NO._____

| | | |
|---|---|---|
| BRIAN FENNELLY, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA, | § | |
| | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

NOW comes BRIAN FENNELLY ("Plaintiff"), who files Plaintiff's Original Petition against SAFECO INSURANCE COMPANY OF INDIANA ("Safeco"), and in support thereof, would show as follows:

**I.**
**DISCOVERY CONTROL PLAN LEVEL**

1. Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

**II.**
**PARTIES & SERVICE**

2. Plaintiff is the named insured under a policy issued by the Defendant, Safeco. Plaintiff is a resident of Texas.

3. Safeco is an insurance company that engages in the business of insurance in Texas. The insurance business done by Safeco in Texas includes, but is not limited to, the following: taking and receiving applications for insurance; receiving and collecting premiums; and issuing insurance policies to consumers of this state, including Plaintiff. Safeco's company profile page on the Texas of Department of Insurance lists Corporation Service Company as their agent for

1

service. They may therefore be served by certified mail, return receipt requested, to Corporation Service Company, 211 E 7th Street, Ste. 620, Austin, TX 78701 or wherever else it may be found.

## III.
## JURISDICTION & VENUE

4. This is a civil matter in which the amount in controversy is more than five hundred dollars ($500.00), exclusive of interest. Jurisdiction is thus proper in a District Court of Harris County, Texas, and it is also proper pursuant to Art. V, Sec. 8 of the Texas Constitution.

5. Venue is appropriate in Harris County, Texas because all or part of the conduct giving rise to the causes of action were committed in Harris County, Texas and the property which is the subject of this suit is located in Harris County, Texas. Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
## FACTS

6. Plaintiff has a policy with Safeco bearing policy number OY06511680 ("Policy"). The Policy insures the property located at 1314 Lemm Road 2, Spring, TX 77373 ("Property"). The Policy insured the Property on a replacement cost basis for $262,000.00 and is subject to a $5,240.00 Windstorm and Hail deductible. The Policy insures against all "direct physical loss or damage to Covered Property at the premises described in Declarations caused by or resulting from any Covered Cause of Loss." The Policy defines a covered cause of loss as all risks of direct physical loss unless excluded or limited by the Policy.

7. Plaintiff filed a claim for Windstorm and Hail damage against his Policy sold to him by Safeco. There is no dispute that these are in fact covered perils under the Policy.

8. Safeco assigned claim number 433389666039 to Plaintiff's claim that forms the basis of this suit. Safeco inspected Plaintiff's property and found covered damages that totaled

just below Plaintiff's deductible.

9. Our office began investigating this loss with a letter of representation to Safeco on November 8, 2018. We requested a copy of the insured's Policy and declaration page(s), any letters regarding the attempted disposition of the claim along with any estimates of damages written by Safeco. Lastly, we requested the non-privileged portion of the claim file and log notes to further evaluate this claim. Safeco failed to reply for almost a year, and in fact, only in the last calendar week did our office receive any documentation back from Safeco in regards to our reasonable requests made almost a year ago.

10. From the beginning, Safeco conducted an outcome-oriented investigation. A bulk of the basis for their denial of this claim is based on an inspection and subsequent report issued by an engineer Safeco hired. However, this investigation was not conducted in good-faith, Safeco failed to give their insured the benefit of the doubt, and the evidence is clear, the investigation was conducted in an outcome-oriented fashion.

11. Despite being presented with clear extensive hail damage that totals over $20,500.00, Safeco has refused to acknowledge more than $5,240.00 of it. In fact, their estimate is lower than that figure, which is their deductible in the Policy. Their investigation of the loss was not timely, it was thorough, and it was outcome-oriented as evidenced by their own conduct.

12. An inspection by a licensed adjuster not affiliated with Safeco found extensive wind and hail damage to the insured dwelling. Copious amounts of wind lifted shingles with debris underneath were clear and obviously apparent. Safeco still refused to cover the damage.

13. Additionally, extensive interior damage existed including water stains to kitchen crown molding that could only have been done by the building's exterior roofing envelope having been compromised. Despite this damage, Safeco still refused to cover the damage.

## V.
## CAUSES OF ACTION

14. All conditions precedent to this action have occurred, been fulfilled, or have otherwise been waived or discharged.

### A. *Breach of Contract against Safeco*

15. Safeco's conduct constitutes a breach of the insurance contract between it and Plaintiff. It is undisputed that a contract existed between Plaintiff and Safeco in the form of the Policy. It is also undisputed that Plaintiff paid it premiums, substantially complied with all terms of the Policy, and held up its end of the bargain. Safeco on the other hand did not hold up its end of the bargain.

16. The Policy insures against all "direct physical loss or damage to Covered Property at the premises described in Declarations caused by or resulting from any Covered Cause of Loss." The Policy defines a covered cause of loss as all risks of direct physical loss unless excluded or limited by the Policy.

17. It is not disputed that Plaintiff's Policy covers Windstorm and Hail damages to the property. Despite being a covered cause of loss and extensive damages being reported, Safeco has refused to properly pay Plaintiff's claim in direct breach of the Policy.

18. Plaintiff has sustained damages as a result of Safeco's breach of the Policy.

### B. *Noncompliance with the Texas Insurance Code*

19. As described above, Safeco's conduct and the conduct of its agents constitutes multiple violations of the Texas Insurance Code that have been legislatively determined to be Unfair Method of Competition, an Unfair Settlement Practice, and/or otherwise in violation of the Texas Insurance Code. Section 541.151 and Section 542.060 of the Texas Insurance Code makes these violations actionable.

4

20.     Due to the relationship (and/or their engagement in the business of insurance) between Plaintiff, Safeco, and their representatives, there were numerous obligations owed to my client under the Texas Insurance Code.[1] Chief among these duties, these persons were obligated to:

1.  To attempt in good faith to effectuate a prompt, fair, and equitable settlement a claim in which the insurer's liability has become reasonably clear (§ 541.060(a)(2)) & (§ 542.003(b)(4));

2.  To promptly provide my client a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim (§ 541.060(a)(3));

3.  To affirm or deny coverage within a reasonable amount of time (§ 541.060(a)(4));

4.  To notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer to secure final proof of loss (§ 542.056(a));

5.  To notify the claimant of the reasons that the insurer needs additional time if it cannot accept or reject within 15 business days (§ 542.056(d));

6.  To make payment within 5 business days of alerting an insured that payment would be forthcoming (§ 542.057)

7.  To not delay payment of a claim after receiving all items, statements, and forms reasonably requested and required under Section 542.055 for a period of more than 60 days (§ 542.058(a)).

21.     Neither Safeco, nor their representatives generally, fulfilled these duties. Briefly speaking, and as supported above, a written claim was undoubtedly made under the policy, Safeco was and continues to be liable for that claim, Safeco should have provided coverage for the claim, Safeco instead wrongfully withheld policy benefits and along the way violated the Texas Insurance Code as this petition describes, and that has caused and resulted in actual damages to Plaintiff.

---

[1] As you are undoubtedly aware, my client is also a "person" under the Texas Insurance Code, which gives it standing to bring claims under the Texas Insurance Code.

22. Plaintiff seeks to recover actual damages, and in addition to the amount of the claim, simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees. Plaintiff also seeks pre-judgment interest.

### C. *Breach Of The Duty Of Good Faith And Fair Dealing*

23. Safeco's conduct constitutes a breach of the common law duty of good faith and fair dealing it owes to the Plaintiff.

24. In the insurance context, a special relationship arises because of the parties' unequal bargaining power and the nature of insurance contracts, which would allow unscrupulous insurers to take advantage of their insured's' misfortunes in bargaining for settlement or resolution of claims. An insurance company has exclusive control over the evaluation, processing, and denial of claims, and without this duty insurers could arbitrarily deny coverage and delay payment of a claim with no more penalty than interest on the amount owed.
For these reasons, a duty exists. Plaintiff contends Safeco breached its duty of good faith and fair dealing:

   a. Because there was no reasonable basis for Safeco to deny Plaintiff's claim;

   b. Because there was no reasonable basis for Safeco to delay of Plaintiff's claim;

   c. Because Safeco failed to determine whether there was any reasonable basis to deny and delay Plaintiff's claim;

   d. Because Safeco failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim even though its liability was reasonably clear; and

   e. Because Safeco refused to pay a claim without conducting a reasonable investigation of the claim.

25. Safeco' failure, as described above, to adequately and reasonably investigate and

evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

26. Safeco' breach of the duty of good faith and fair dealing has proximately caused damages for the Plaintiff.

## VI.
### KNOWLEDGE

27. Each of the acts described above, together and singularly, was done "knowingly" by Safeco and its agents as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VII.
### DAMAGES

28. Plaintiff intends to show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff. Plaintiff contends its damages were the natural, probable, and foreseeable consequence of Safeco' breach of the policy. Plaintiff contends that Safeco' violations of the duty of good faith and fair dealing were the proximate cause of Plaintiff's damages. Lastly, Plaintiff also contends Safeco' actions in violation of the Texas Insurance Code were the producing cause of Plaintiff's damages. These damages are a direct result of Safeco' mishandling of Plaintiff's claim in violation of the laws set forth above.

29. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with reasonable and necessary attorney's fees.

30. For noncompliance with the Texas Insurance Code, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy,

court costs, and reasonable and necessary attorney's fees. For knowing conduct of the acts described above, Plaintiff seeks three times the actual damages. Tex. Ins. Code §541.152.

31. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as the applicable interest per annum on the amount of such claim as damages, together with reasonable and necessary attorney's fees. Tex. Ins. Code §542.060.

32. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to exemplary damages. Safeco has actual awareness of its liability under the policy, but is choosing to ignore that liability, deny the claim, and delay the claim. This warrants the imposition of exemplary damages.

33. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Proper notice of the claim has been sent to the relevant parties. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the appropriate appellate bodies.

## VIII.

### REQUEST FOR DISCLOSURES

34. Pursuant to Rue 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Safeco provide the information required in a Request for Disclosure.

## IX.

### FIRST REQUEST FOR PRODUCTION TO SAFECO

35. Pursuant to Rue 196 of the Texas Rules of Civil Procedure, Plaintiff requests that Safeco respond to the following Request for Production:

    a. Produce the Safeco' complete claim file (excluding all privileged portions) for claim no. 433389666039 made against the Policy. This request seeks documents made on or before August 27, 2017 and up until you anticipated litigation. Please produce a privilege log for any portions withheld on a claim of privilege.

    b. Produce all non-privileged emails and other forms of communication from or to Safeco, any of their agents, employees who worked on or were involved Plaintiff's claim no. 433389666039. This request seeks documents made on or before August 27, 2017 and up until you anticipated litigation. Please produce a privilege log for any portions withheld on a claim of privilege.

    c. Produce a copy of the underwriting file for the Policy. This request seeks documents made on or before the inception of this Policy and up until you anticipated litigation. Please produce a privilege log for any portions withheld on a claim of privilege.

    d. Produce all documents and communications provided to any adjusters before, during, and after their initial inspection.

    e. Produce all documents and communications reviewed by Safeco or any adjusters when coming to a claim determination.

## X.

36. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff counsel states that Plaintiff seeks only monetary relief of less than $75,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## XII.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Safeco be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against Safeco for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this

Court; for costs of suit; for interest on the judgment as allowed by the applicable statute; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special against Safeco, to which Plaintiff may be justly entitled.

    Respectfully submitted,-

    **CROWELL & KUCERA, PLLC**
    2028 E. Ben White Blvd. Ste. 240-2015
    Austin, TX 78741
    Telephone:    (512) 870-7099
    Facsimile:    (512) 388-9520

    BY: _/s/ Benjamin R. Crowell III_
        BENJAMIN R. CROWELL III
        State Bar No. 24087360
        ben@ck-firm.com
        BRENNAN M. KUCERA
        State Bar No. 24076491
        brennan@ck-firm.com

    ATTORNEYS FOR BRIAN FENNELLY



**MARILYN BURGESS**
HARRIS COUNTY DISTRICT CLERK
P.O. BOX 4651
HOUSTON, TEXAS 77210-4651



CERTIFIED MAIL

7015 3430 0000 0851 9909

FIRST CLASS MAIL

SAFECO INSURANCE COMPANY OF INDIANA
211 E 7TH STREET STE 620
AUSTIN, TEXAS 78701